| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 25-cr-1034-CJW-5 |
| vs. | | **ORDER SCHEDULING PLEA HEARING** |
| JASON JOHN WEIPERT, | | |
| Defendant. | | |

_____

Pursuant to Defendant's filing of notice of intent to plead guilty at Doc. 131 a guilty plea hearing is hereby scheduled before the undersigned for **Thursday, February 12, 2026 at 3:00 p.m.;** United States Courthouse, Courtroom 3, 111 7th Avenue SE, Cedar Rapids, Iowa.

The parties are reminded to fully comply with Judge Roberts's Standing Order regarding guilty pleas issued January 4, 2021, a copy of which is attached to this Order. If any party objects to the entry of a guilty plea before a United States Magistrate Judge, the party is directed to notify the court immediately of the objection.

Defendant's counsel shall file (as soon as possible and prior to the date of the plea hearing) the "Notice Regarding Entry of a Plea of Guilty and Consent To Proceed Before a Magistrate Judge."[1]

The time from the date of this Order to the date of the plea hearing is excluded from the time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1). *See United States v. Mallett*, 751 F.3d 907 (8th Cir. 2014) (holding that

---

[1]This form can be found on the Court's web page at www.iand.uscourts.gov, Attorney Info, Forms (Criminal), Consent to Plead Guilty.

"a party's submission—whether express or implied, formal or informal—. . . to set a change of plea hearing" suspends the speedy trial clock) (internal quotations and citations omitted).

The trial scheduled for March 2, 2026 is **cancelled for this Defendant**.

**IT IS SO ORDERED** this 6th day of February, 2026.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

IN THE MATTER OF

GUILTY PLEAS BEFORE                    **STANDING ORDER**
UNITED STATES MAGISTRATE               (Issued January 4, 2021)
JUDGE MARK A. ROBERTS

_____

IT IS **ORDERED** that the following procedures shall apply to guilty plea proceedings before United States Magistrate Judge Mark A. Roberts:

1.  The Court will not schedule a change of plea hearing before Magistrate Judge Roberts unless the party seeking to schedule the hearing represents that (a) the defendant has consented to having a magistrate judge preside over the hearing, and (b) any plea agreement between the parties has been finalized and will be fully executed by both the defendant and the Government prior to the plea hearing.

2.  A lawyer representing a defendant at a guilty plea proceeding will not be permitted to use the time scheduled for the plea hearing to prepare the defendant for the taking of the guilty plea. The preparations for a guilty plea hearing are to be completed as soon as practicable, but not later than the day before the plea hearing. This requirement applies in all cases, including cases involving interpreters.

3.  **Detention status pending sentencing:** No later than **three business days prior to the plea hearing**, a party should notify chambers and opposing counsel if the party intends to seek a change in the defendant's detention status or to present evidence on the issue of detention pending sentencing. The party should provide an estimate of the number of anticipated witnesses and the length of time needed to present evidence. The Court may schedule a separate detention hearing.

4.  **Consent to proceed before magistrate judge:** By 12:00 p.m. on the last business day prior to the plea hearing, the defendant should file with the court a written consent to proceed before a magistrate judge. This form can be located on the Northern District of Iowa web page: www.iand.uscourts.gov, Attorney Info, Forms.

5.  **Copy of plea agreement:** By 12:00 p.m. on the last business day prior to the plea hearing, the Government should provide the Court and opposing

3

counsel, by email (to ecfmail@iand.uscourts.gov and to Judge Roberts's Judicial Assistant), a copy of the written plea agreement (where there is one). The plea agreement will be addressed at the plea hearing regarding whether it will be filed as an exhibit and/or whether it will be sealed.

6. **Rule 11 letter:** By 12:00 p.m. on the last business day prior to the plea hearing, the Government should provide the Court and opposing counsel, by email (to ecfmail@iand.uscourts.gov and to Judge Roberts's Judicial Assistant), the Rule 11 letter (LCrR 11(b)). The Rule 11 letter should:

    a. Reference the source upon which the Government is relying to establish the elements of the offense. When possible, the government should rely on the Eighth Circuit Pattern Criminal Jury Instructions.

    b. Identify all collateral consequences resulting from a guilty plea, including whether the defendant: (a) is waiving appeal rights; (b) may be subject to deportation or other immigration consequences; (c) may have to pay restitution; (d) may have to register as a sex offender; and (e) will be forfeiting property.

    c. Set forth the factual nexus between the crime(s) of conviction and the property the government seeks to forfeit (if the government is seeking forfeiture of property as a result of the guilty plea).

    d. Inform the court whether any victims of the offense(s) wish to address the court at the hearing.

    e. Address whether any exceptional circumstances may exist for the Court to determine the issue of detention pending sentencing.

The Rule 11 letter does not need to include the statutory language of the offense(s) of conviction.

**IT IS SO ORDERED** this 4th day of January, 2021.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa